IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BASHIFY EVENT CO., <br> CHRIS GIGLIO, and <br> BREANNA GIGLIO <br> <br> *Plaintiffs*, <br> <br> v. <br> <br> BASH CO. & <br> EVENTS, INC., <br> CIARA SELF, and <br> MONTGOMERY SELF <br> <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:23-cv-00022 <br> JURY DEMAND |

## COMPLAINT

Plaintiffs Bashify Event Co. ("Bashify"), Chris Giglio, and Breanna Giglio (Bashify's "Owners") (collectively, "Plaintiffs") file this Complaint against Defendants Bash Co. & Events, Inc., Ciara Self, and Montgomery Self (collectively, "Defendants") and allege as follows:

### PARTIES

1. Plaintiff Bashify Event Co. is a small private company incorporated in the State of Texas with its principal place of business located at 5900 Balcones Dr., Suite 7256, Austin, TX 78731.

2. Plaintiff Chris Giglio is an owner of Bashify and resides at 6107 Rincon Way, Dallas TX 75214.

3. Plaintiff Breanna Giglio is an owner of Bashify and resides at 6107 Rincon Way, Dallas TX 75214.

4. Defendant Bash Co. & Events, Inc. is a company incorporated in the State of Texas with its principal place of business located at 8251 Canal Street, Frisco, TX 75034.

5. Upon information and belief, defendant Ciara Self is an owner of Defendant Bash Co. & Events, Inc. and resides at 8251 Canal Street, Frisco, TX 75034.

6. Upon information and belief, defendant Montgomery Self is an owner of Defendant Bash Co. & Events, Inc. and resides at 8251 Canal Street, Frisco, TX 75034.

## JURISDICTION AND VENUE

7. This is an action for copyright infringement in violation of the Copyright Act (17 U.S.C. § 501 *et seq.*) unfair competition, business disparagement, and defamation arising from Defendants' unlawful use of Bashify's copyrights and disparaging and defamatory remarks made against Bashify and its Owners arising under federal and state law.

8. This court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue in this action lies within this Court pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants reside in this judicial district. Additionally, all or part of the events, acts or omissions giving rise to the claims, including acts of infringement, occurred in this judicial district in which Defendants are subject to personal jurisdiction.

## BACKGROUND

10. Bashify plans and supports events like bridal showers, baby showers, birthdays, kids' parties, proposals, engagement parties, and more. Bashify's event planning services combine its party packages with its extensive vendor

list, prop-building skills, and other services. Bashify provides additional event support by offering rentals such as backdrops and furniture and provides party packages that include florals, and charcuterie among other event necessities. Bashify also sells party merchandise online including its Bash Boxes which include a variety of themed event items like decorations and dinnerware.

11. Bashify is the author and owner of the copyright in its website, and Bashify's copyright is registered with the United States Copyright Office. *See* Exhibit A. The federal registration rights and common law rights in these original works are collectively referred to hereafter as the "Copyrighted Works."

12. Bashify's copyright registrations are currently valid, subsisting, and in full force and effect.

13. Bashify has taken appropriate measures to protect its copyrights and place the public on notice thereof.

## GENERAL ALLEGATIONS

14. Bashify rebranded its website on March 3, 2022. Bashify's rebranding resulted from many months of independent market research, design, and website development. Bashify's website includes many unique and creative design features and color scheme that sets it apart from others in the industry. With its rebranding, Bashify acquired rights to the domain "bashify.co" and copyrighted its website. *See* Exhibit A.

15. Upon information and belief, Defendants are aware of Bashify's rebranding. At the time of Bashify's rebranding, Defendants had a very different website than the one they has since copied. Prior to Bashify's rebranding, Bash Co.'s domain name at the time, "bashcoevents.com," directed users to a page with the style and design shown below:



Excerpt from "bashcoevents.com"

16. Soon after Bashify launched its rebranded website, on June 28, 2022, Bash Co. announced and launched a substantially similar website to Bashify's website and changed its domain name to "bashco.co," which is confusingly similar to Bashify's domain name, "bashify.co." A side-by-side comparison makes Bash Co.'s copying apparent:



Excerpt from "bashify.co" launched March 3, 2022



Excerpt from "bashco.co" launched June 28, 2022

17. On September 20, 2022, Bashify notified Defendants of the above copyright infringement by letter and email. *See* Exhibit B. On December 22, 2022, Bashify again notified Defendants of the above copyright infringement by letter and

email. *See* Exhibit C. To date, Defendants have not changed their website.

18. Further, upon information and belief, Defendants have engaged in and continues to engage in spreading false, malicious, disparaging, and defamatory statements about Bashify and its Owners to Bashify's vendors, customers, and other business relations.

19. For example, upon information and belief, at least as recently as April 2022, Defendant Ciara Self, owner of Defendant Bash Co., has falsely told third parties that Bashify has made unauthorized copies of the work of others with the intent to discourage vendors, customers, and other business relations from working with Bashify or its Owners. Further, not only has Bashify not copied Bash Co. or others, but rather Bash Co. has infringed upon Bashify's copyrights as described above.

20. By way of additional example, upon information and belief, at least as recently as April 2022, Defendant Ciara Self has falsely told third parties that Bashify infringes upon Defendant Bash Co.'s trademarks, despite not owning the claimed trademarks, with the intent to discourage vendors, customers, and other business relations from working with Bashify. Further, Defendant Ciara Self has at least specifically claimed that Bashify's Bash Boxes infringe Bash Co.'s non-existent trademark on that term.

21. By way of additional example, upon information and belief, at least as recently as June 2022, Defendant Ciara Self has falsely accused the Owners of Bashify of acting unprofessionally, being aggressive, "literally . . . charging at" her, and having to "call the cops" on Bashify's Owners with the intent to discourage vendors, customers, and other business relations from working with Bashify.

22. By way of additional example, upon information and belief, at least as recently as April 2022, Defendant Ciara Self has encouraged vendor Dizzy with Excitement to "black list" Bashify on the basis of false, malicious, disparaging, and defamatory statements with the intent to discourage this vendor from working with Bashify.

23. By way of additional example, upon information and belief, at least as recently as December 2022, Defendant Ciara Self has discouraged at least one Dallas, Texas-based influencer from engaging in a business relationship with Bashify and its Owners based on false, malicious, disparaging, and defamatory remarks.

24. The above examples of false, malicious, disparaging, and defamatory remarks made by Defendants is non-exhaustive.

## COUNT ONE
### COPYRIGHT INFRINGEMENT UNDER THE COPYRIGHT ACT §§ 101 *ET SEQ.*
### (17 U.S.C. § 501 *ET SEQ.*)

25. Plaintiffs allege and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

26. Bashify is the sole owner of all right, title, and interest to the Copyrighted Works and of all corresponding copyrights and Certificates of Registration.

27. The Copyrighted Works consist of material original to Bashify and each is copyrightable subject matter.

28. Defendants had access to and reproduced, distributed, adapted, and/or publicly displayed copies of Bashify's Copyrighted Works for financial gain and in violation of Bashify's copyrights.

29. Defendants incorporated portions of Bashify's Copyrighted Works into

other works for financial gain and in violation of Bashify's copyrights.

30.     Defendants created derivative works of Bashify's Copyrighted Works for financial gain and in violation of Bashify's copyrights.

31.     Defendants have copied, distributed, reproduced, adapted, made derivative works of, publicly displayed, and otherwise exploited Bashify's Copyrighted Works without the consent or authority of Bashify, thereby directly infringing the Copyrighted Works.

32.     Given the substantial similarity between Bashify and Defendants' websites and the use of creative elements taken from Bashify's website – including its pinwheel, color scheme, thematic appearance of symbols and designs, and the overall look and feel – Defendants are in violation of Bashify's exclusive rights as provided by 17 U.S.C. §§ 106-122.

33.     Defendants' conduct constitutes infringement of the Copyrighted Works and exclusive rights under copyright in violation of 17 U.S.C. § 501 *et seq.*

34.     The infringement of the Copyrighted Works in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

35.     The acts of infringement by Defendants have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of Bashify. Specifically, as described above, Defendants were notified of their infringement on September 20, 2022. *See* Exhibit B. Defendants were additionally notified of their infringement on December 22, 2022. *See* Exhibit C. To date, Defendants have not responded to either notice letter nor have they changed their website.

36.     As a direct and proximate result of the Defendants' actions, Bashify has

suffered damages for which Bashify now sues.

37. Pursuant to 17 U.S.C. § 504(b), Bashify is entitled to recover its actual damages and all profits Defendants' have made as a result of its wrongful conduct.

38. Alternatively, pursuant to 17 U.S.C. § 504(c), Bashify is entitled to statutory damages between $750 and $30,000 per infringed work, and up to $150,000 per infringed work as a result of Defendants' willful and intentional conduct.

39. Pursuant to 17 U.S.C. § 505, Bashify requests an award of its full attorney fees and costs.

## COUNT TWO
### UNFAIR COMPETITION BY MISAPPROPRIATION

1. Plaintiffs allege and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

2. To the extent that Bashify's Works do not qualify for copyright protection, the actions of Defendants, as described above, in using Bashify's Works, all of which Bashify developed through extensive time, skill, labor, and money, constitutes unfair competition through misappropriation in violation of state and federal law.

3. Defendants have gained financial benefit for itself through use of Bashify's Copyrighted Works because Defendants have not been burdened with the expenses incurred by Bashify to develop these works.

4. As a direct and proximate result of Defendants' wrongful acts, Bashify believes that it has lost customers and sales.

5. Further, Bashify has lost the benefit of its investment of time, money, and resources in building its customer base and sales prospects.

6. Upon information and belief, Defendants continue to engage in such unfair competitive practices and the ensuing damages to Bashify, therefore, are continuing and unabated.

7. With regard to Bashify's claims for unfair competition by misappropriation, it seeks its actual damages, including all financial gain Defendants derived from their actions.

## COUNT THREE
### BUSINESS DISPARAGEMENT

8. Plaintiffs allege and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

9. As explained in the General Allegations above, Defendants themselves and through their officers, agents, and employees acting within the course and scope of their agency and employment, published statements disparaging Bashify's business and Owners.

10. Defendants published the statement described in the General Allegations above with actual knowledge that these statements were false, or with reckless disregard as to their truth or falsity. Defendants knew or should have known that these statements were substantially likely to cause Bashify pecuniary injury. Defendants published the statement out of spite in order to harm plaintiff and interfere with Bashify's relations with its customers, vendors, and other relevant business contacts such as local influencers.

11. Upon information and belief, as a direct and proximate result of Defendants' above-described disparagement of Bashify, customers, vendors, and business contacts have ceased or avoided doing business with Bashify. Bashify has

sustained financial damage due to the loss of business relationships and customers.

12. Following, and because of, Defendants' disparagement, Bashify has likewise sustained financial damage due to a general decline in business.

## COUNT FOUR
### DEFAMATION

13. Plaintiffs allege and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Complaint as if each were separately set forth herein.

14. As explained in the General Allegations above, Defendants themselves and through their officers, agents, and employees acting within the course and scope of their agency and employment, made written and oral statements to third parties defaming Bashify's business and its Owners.

15. Plaintiffs Chris and Breanna Giglio are not public figures.

16. Upon information and belief, Defendants acted with actual malice, gross negligence, or at a minimum negligence in making these remarks.

17. The defamatory statements described above constitute defamation per se pursuant to Texas law because they were directed at and caused injury to Bashify and its Owners' business and profession as they were intended to prevent vendors, customers, and business contacts from engaging with Bashify's Owners and Bashify. Additionally, certain defamatory statements described above constitute defamation per se pursuant to Texas law because they falsely and maliciously accuse Bashify's owners of criminal conduct.

18. Further, upon information and belief, as a direct and proximate result of Defendants' above-described defamation of Bashify and its Owners, customers, vendors,

and business contacts have ceased or avoided doing business with Bashify. Bashify and its Owners have sustained financial damage due to the loss of business relationships and customers.

19. Following, and because of, Defendants' defamation, Bashify and its Owners have likewise sustained financial damage due to a general decline in business.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Bashify Event Co. prays that Defendants be cited to appear and answer and that the Court grant the following relief:

1. Order a permanent injunction be issued, on final trial of this cause, ordering that Defendants, any employees, representatives, agents, partners, associates, affiliates and all persons acting in concert or in active participation with Defendants be permanently enjoined from:

   a. Any unauthorized use of the Copyrighted Works, including reproducing, distributing, adapting, and/or publicly displaying the Copyrighted Works in an unauthorized manner.

   b. Representing that Defendants' unauthorized derivative works of the Copyrighted Works or any other materials created by Defendants are in any way sponsored by, approved by, affiliated with, or originated by Bashify.

   c. Otherwise infringing any rights of Bashify.

   d. Otherwise competing unfairly with Bashify or interfering with its prospective business relations.

   e. Otherwise disparaging Bashify; and

   f. Otherwise defaming Bashify's Owners.

2. Order Defendants to provide an accounting of all financial gain related to Defendants' infringement of the Copyrighted Works in accordance with 17 U.S.C.

§ 504(b);

    3.    Enter a finding that Defendants' copyright infringement is willful;

    4.    Enter judgment against Defendants for actual damages and Defendants' profits under the Copyright Act (17 U.S.C. § 504(b)), or alternatively, for statutory damages under § 504(c);

    5.    Enter judgment against Defendants for actual damages, including all financial gain derived by Defendants, for Defendants' unfair competition by misappropriation;

    6.    In accordance with Texas Law and 17 U.S.C. § 505, award Bashify its reasonable attorney fees, costs, and expenses of this action;

    7.    Award special damages to Bashify related to Defendants' business disparagement for Bashify's loss of business and such additional damages as may be proved at the trial of this action caused by Defendants' business disparagement;

    8.    Award general damages to Bashify's Owners for their loss of reputation and mental anguish any additional damages as may be proved at the trial of this action caused by Defendants' defamation.

    9.    Award compensatory damages to Bashify's Owners for their loss of business related to Defendants' defamation;

    10.    Award nominal damages to Bashify's Owners for Defendant's defamation;

    11.    Award punitive damages to Bashify's Owners for Defendants' defamation;

    12.    Award any additional damages as may be proved at the trial of this action;

13. Award pre-judgment and post-judgment interest as provided by law; and

14. Such other and further relief at law or in equity as Bashify may be justly entitled.

## DEMAND FOR TRIAL BY JURY

Bashify demands a trial by jury on its claims alleged against Defendants.

Dated: January 10, 2023

Respectfully submitted,

/s/ *Timothy J.H. Craddock*
Timothy J.H. Craddock
Texas Bar No. 24082868
tim.craddock@coleschotz.com

**COLE SCHOTZ, P.C.**
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: 469-557-9390
Fax: 469-533-1587

**ATTORNEY FOR PLAINTIFFS
BASHIFY EVENT CO.,
CHRIS GIGLIO, AND
BREANNA GIGLIO**