IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BASHIFY EVENT CO., CHRIS GIGLIO, and BREANNA GIGLIO<br><br>*Plaintiffs*,<br><br>v.<br><br>BASH CO. & EVENTS, INC., CIARA SELF, and MONTGOMERY SELF<br><br>*Defendants*. | § § § § § § § § § § § § § § § | Civil Action No. 4:23-cv-00022<br>JURY DEMAND |

**PLAINTIFFS' ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIMS**

Plaintiffs Bashify Event Co. ("Bashify"), Chris Giglio, and Breanna Giglio (Bashify's "Owners") (collectively, "Plaintiffs") file this answer in response to Defendants Bash Co. & Events, Inc., Ciara Self, and Montgomery Self (collectively, "Defendants") First Amended Counterclaims (Dkt No. 22) and state as follows:

**PARTIES**

1. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of Defendants' First Amended Counterclaims and therefore deny them.

2. Plaintiffs admit the allegations in Paragraph 2 of Defendants' First Amended Counterclaims.

3. Plaintiffs admit the allegations in Paragraph 3 of Defendants' First Amended Counterclaims.

**PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

4. Plaintiffs admit the allegations in Paragraph 4 of Defendants' First Amended Counterclaims.

5. Plaintiffs admit the allegations in Paragraph 5 of Defendants' First Amended Counterclaims.

6. Plaintiffs admit the allegations in Paragraph 6 of Defendants' First Amended Counterclaims.

## JURISDICTION AND VENUE

7. Plaintiffs admit that this Court has jurisdiction over Defendants' counterclaims. Plaintiffs deny any remaining allegations in Paragraph 7 of Defendants' First Amended Counterclaims.

## NATURE OF ACTION

8. The statements of Paragraph 8 of Defendants' First Amended Counterclaims do not allege statements of facts requiring admission or denial.

9. Plaintiffs deny the allegations in Paragraph 9 of Defendants' First Amended counterclaims.

## ALLEGED FACTS

10. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of Defendants' First Amended Counterclaims and therefore deny them.

11. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of Defendants' First Amended Counterclaims and therefore deny them.

12. Plaintiffs deny that "Bash Co. has strong common law rights in the name Bash Co. alone." Plaintiffs lack sufficient knowledge or information sufficient to form a belief about whether Defendants' "used the term [Bash Co.] for all of its services for an extensive period of time (almost 10 years) without interruption" and therefore deny the same. Plaintiffs lack sufficient knowledge or information to form a belief about whether Defendants have "pending trademarks in the State of Texas for (1) Bash Co.; (2) Bash Boxes; and (3) Bash Co. Boxes" and therefore deny the same. Plaintiffs are aware that Defendants have attempted to federally register trademarks for "Bash Co." and "Bash Co. Boxes"; however, Plaintiffs deny that such registrations have been approved and, upon information and belief, believe that the United States Patent and Trademark Office has in fact denied these applications.

13. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of Defendants' First Amended Counterclaims and therefore deny them.

14. Plaintiffs admit that Bashify owns copyright registration VA 2-328-528 listing "Date of 1st Publication" as "March 03, 2022." Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 of Defendants' First Amended Counterclaims and therefore deny them.

15. Plaintiffs admit they have accused Defendants' website of copyright infringement. Plaintiffs deny that their allegations are incorrect. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 15 of Defendants' First Amended Counterclaims and therefore deny them.

16. Plaintiffs admit they have accused Defendants' website of copyright infringement. Plaintiffs deny that their allegations are incorrect. Plaintiffs deny the remaining allegations of Paragraph 16 of Defendants' First Amended Counterclaims.

17. Plaintiffs deny the allegations in Paragraph 17 of Defendants' First Amended Counterclaims.

18. Plaintiffs deny the allegations in Paragraph 18 of Defendants' First Amended Counterclaims.

19. Plaintiffs lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19 of the complaint and therefore deny the same.

20. Plaintiffs deny the allegations in Paragraph 20 of Defendants' First Amended Counterclaims.

21. Plaintiffs deny the allegations in Paragraph 21 of Defendants' First Amended Counterclaims.

22. Plaintiffs deny the allegations in Paragraph 22 of Defendants' First Amended Counterclaims.

23. Plaintiffs deny the allegations in Paragraph 23 of Defendants' First Amended Counterclaims.

24. Plaintiffs deny the allegations in Paragraph 24 of Defendants' First Amended Counterclaims. Plaintiffs further note they have never copied Defendants.

25. Plaintiffs deny the allegations in Paragraph 25 of Defendants' First Amended Counterclaims.

26. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 26 and therefore deny them.

27. Plaintiffs admit they did start using the logo depicted in Paragraph 27 on or about November 10, 2021. Plaintiffs deny the remaining allegations of Paragraph 27.

28. Plaintiffs deny the allegations in Paragraph 28 of Defendants' First Amended Counterclaims.

29. Plaintiffs deny the allegations in Paragraph 29 of Defendants' First Amended Counterclaims.

30. Plaintiffs deny the allegations in Paragraph 30 of Defendants' First Amended Counterclaims.

31. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 31 and therefore deny them.

32. Plaintiffs deny the allegations in Paragraph 32 of Defendants' First Amended Counterclaims.

33. Plaintiffs deny the allegations in Paragraph 33 of Defendants' First Amended Counterclaims.

34. Plaintiffs deny the allegations in Paragraph 34 of Defendants' First Amended Counterclaims. Plaintiffs further note they have never copied Defendants.

35. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 35 and therefore deny them.

36. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 36 and therefore deny them.

37. Plaintiffs deny the allegations in Paragraph 37 of Defendants' First Amended Counterclaims.

38. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 38 and therefore deny them.

39. Plaintiffs deny the allegations in Paragraph 39 of Defendants' First Amended Counterclaims.

40. Plaintiffs deny the allegations in Paragraph 40 of Defendants' First Amended Counterclaims.

41. Plaintiffs deny the allegations in Paragraph 41 of Defendants' First Amended Counterclaims.

42. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 42 and therefore deny them.

43. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 43 and therefore deny them.

44. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 44 and therefore deny them.

45. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 45 and therefore deny them.

46. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 46 and therefore deny them.

47. Plaintiffs deny the allegations in Paragraph 47 of Defendants' First Amended Counterclaims.

48. Plaintiffs deny the allegations in Paragraph 48 of Defendants' First Amended Counterclaims.

49. Plaintiffs deny the allegations in Paragraph 49 of Defendants' First Amended Counterclaims.

50. Plaintiffs deny the allegations in Paragraph 50 of Defendants' First Amended Counterclaims.

51. Plaintiffs deny the allegations in Paragraph 51 of Defendants' First Amended Counterclaims.

52. Plaintiffs deny the allegations in Paragraph 52 of Defendants' First Amended Counterclaims.

### COUNT I: ALLEGED COMMON LAW TRADEMARK INFRINGEMENT

53. Plaintiffs repeat and reaffirm the admissions and denials set forth in each paragraph above as if fully set forth herein.

54. The statements of Paragraph 54 of Defendants' First Amended Counterclaims do not allege statements of facts requiring admission or denial.

55. Plaintiffs deny the allegations of Paragraph 55 of Defendants' First Amended Counterclaims.

56. Plaintiffs deny the allegations of Paragraph 56 of Defendants' First Amended Counterclaims.

57. Plaintiffs deny the allegations of Paragraph 57 of Defendants' First Amended Counterclaims.

58. Plaintiffs deny the allegations of Paragraph 58 of Defendants' First Amended Counterclaims.

59. Plaintiffs deny the allegations of Paragraph 59 of Defendants' First Amended Counterclaims.

60. Plaintiffs deny the allegations of Paragraph 60 of Defendants' First Amended Counterclaims.

61. Plaintiffs deny the allegations of Paragraph 61 of Defendants' First Amended Counterclaims.

62. Plaintiffs deny the allegations of Paragraph 62 of Defendants' First Amended Counterclaims.

63. Plaintiffs deny the allegations of Paragraph 63 of Defendants' First Amended Counterclaims.

64. Plaintiffs deny the allegations of Paragraph 64 of Defendants' First Amended Counterclaims.

65. Plaintiffs deny the allegations of Paragraph 65 of Defendants' First Amended Counterclaims.

66. Plaintiffs deny the allegations of Paragraph 66 of Defendants' First Amended Counterclaims.

67. Plaintiffs deny the allegations of Paragraph 67 of Defendants' First Amended Counterclaims.

68. Plaintiffs deny the allegations of Paragraph 68 of Defendants' First Amended Counterclaims.

## COUNT II: ALLEGED FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(A)

69. Plaintiffs repeat and reaffirm the admissions and denials set forth in each paragraph above as if fully set forth herein.

70. The statements of Paragraph 70 of Defendants' First Amended Counterclaims do not allege statements of facts requiring admission or denial.

71. Plaintiffs deny the allegations of Paragraph 71 of Defendants' First Amended Counterclaims.

72. Plaintiffs deny the allegations of Paragraph 72 of Defendants' First Amended Counterclaims.

73. Plaintiffs deny the allegations of Paragraph 73 of Defendants' First Amended Counterclaims.

74. Plaintiffs deny the allegations of Paragraph 74 of Defendants' First Amended Counterclaims.

75. Plaintiffs deny the allegations of Paragraph 75 of Defendants' First Amended Counterclaims.

76. Plaintiffs deny the allegations of Paragraph 76 of Defendants' First Amended Counterclaims.

77. Plaintiffs deny the allegations of Paragraph 77 of Defendants' First Amended Counterclaims.

78. Plaintiffs deny the allegations of Paragraph 78 of Defendants' First Amended Counterclaims.

79. Plaintiffs deny the allegations of Paragraph 79 of Defendants' First Amended Counterclaims.

80. Plaintiffs deny the allegations of Paragraph 80 of Defendants' First Amended Counterclaims.

## COUNT III: ALLEGED COMMON LAW UNFAIR COMPETITION BY MISAPPROPRIATION

81. Plaintiffs repeat and reaffirm the admissions and denials set forth in each paragraph above as if fully set forth herein.

82. The statements of Paragraph 82 of Defendants' First Amended Counterclaims do not allege statements of facts requiring admission or denial.

83. The statements of Paragraph 83 of Defendants' First Amended Counterclaims do not allege statements of facts requiring admission or denial.

84. Plaintiffs deny the allegations of Paragraph 84 of Defendants' First Amended Counterclaims.

85. Plaintiffs deny the allegations of Paragraph 85 of Defendants' First Amended Counterclaims.

86. Plaintiffs deny the allegations of Paragraph 86 of Defendants' First Amended Counterclaims.

87. Plaintiffs deny the allegations of Paragraph 87 of Defendants' First Amended Counterclaims.

88. Plaintiffs deny the allegations of Paragraph 88 of Defendants' First Amended Counterclaims.

89. Plaintiffs deny the allegations of Paragraph 89 of Defendants' First Amended Counterclaims.

## COUNT IV: DECLARATORY JUDGMENT

90. Plaintiffs repeat and reaffirm the admissions and denials set forth in each paragraph above as if fully set forth herein.

91. Plaintiffs deny the allegations of Paragraph 91 of the Defendants' First Amended Counterclaims and deny that Defendants are entitled to any relief sought in this paragraph.

## ATTORNEYS' FEES

To the extent the statements made in this subsection require a response, Plaintiffs deny the allegations made therein and deny that Defendants are entitled to any of the relief sought therein.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable as a matter of right.

## PRAYER

Plaintiffs deny that Defendants are entitled to any of the relief it requests. Plaintiffs respectfully request the Court to:

A. Find that Defendants take nothing from their First Amended Counterclaims;

B. Find that the First Amended Counterclaims, and each and every purported claim for relief alleged, be dismissed with prejudice;

C. Grant Plaintiffs the relief requested in their Complaint (Dkt No. 1);

D. Award Plaintiffs any such further relief at law or in equity that the Court deems just and proper.

Dated: June 15, 2023	Respectfully submitted,

/s/ *Timothy J.H. Craddock*
Timothy J.H. Craddock
Texas Bar No. 24082868
tim.craddock@coleschotz.com
Cole Schotz, P.C.
901 Main Street
Suite 4120
Dallas, Texas 75202
Tel: 469-557-9390
Fax: 469-533-1587

**ATTORNEY FOR PLAINTIFFS**
**BASHIFY EVENT CO.,**
**CHRIS GIGLIO, AND**
**BREANNA GIGLIO**

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document is being served via the Court's CM/ECF system on June 15, 2023, on all counsel of record who consent to electronic service per Local Rule CV-5(a)(3) or, otherwise, as required by local and federal rules.

*/s/ Timothy J.H. Craddock*
Timothy J.H. Craddock
